STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**11-646**


VIAL RODNEY JOHNSON

VERSUS

SAFEWAY INS. CO. OF LOUISIANA


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20102187
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


**Barry Warries Bolton**
**Attorney at Law**
**712 Louisiana Avenue**
**Bogalusa, LA 70427**
**(985) 735-9093**
**Counsel for Plaintiff-Appellant:**
**Vial Rodney Johnson**

**Jeanne R. Perrin**
**Borne & Wilkes**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**Counsel for Defendant-Appellee:**
**Safeway Ins. Co. of Louisiana**

**PICKETT, Judge.**

The plaintiff, Vial Rodney Johnson, appeals a judgment of the trial court granting the motion for summary judgment filed by Safeway Insurance Company of Louisiana.

## STATEMENT OF THE CASE

Johnson purchased car insurance from Safeway in 2002 and renewed the policy every six months. On January 13, 2010, he was injured in a car wreck. When the other driver's liability insurance was insufficient to cover his damages, Johnson filed a claim on his uninsured/underinsured (UM) coverage with Safeway. Safeway denied the claim because Johnson had signed a waiver of UM coverage. Johnson filed suit against Safeway.

Following some discovery, both parties filed motions for summary judgment. Safeway claimed that it had on file a valid UM waiver signed by Johnson on August 20, 2005. Johnson claimed that when he insured two new vehicles with Safeway in September 2008, a new policy was created for which he did not waive UM coverage.

The trial court heard both motions on March 9, 2011. At the conclusion of the hearing, the trial court granted Safeway's motion for summary judgment and denied Johnson's motion. A judgment dismissing Johnson's case with prejudice was signed on the same date. Johnson now appeals.

## ASSIGNMENTS OF ERROR

On appeal, Johnson asserts four assignments of error:

1. The trial court erred when it concluded a finding of no genuine issue of material fact based solely upon appellant's prior history of signed rejection forms without considering that the addition of vehicles occurred at the beginning of a policy renewal period.

2. The trial court erred when it failed to consider the effect of appellant's active policy at the time of the incident and the fact that he had added

two additional, different vehicles to his policy without signing a new rejection form while the amount of the policy increased.

3. The trial court erred when it found that appellant had rejected uninsured motorist coverage.

4. The trial court was unreasonable in concluding that regardless of whether the policy amount increased, as long as an agent does not change the policy number, a vehicle is substituted even if deletions and additions of cars are made during separate renewal periods.

## DISCUSSION

We review summary judgments de novo. *Doerr v. Mobil Oil Corp.*, 00-947 (La.12/19/00), 774 So.2d 119. The reviewing court "asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750

The crux of Johnson's argument is that when he insured two additional vehicles with Safeway in September 2008, he intended to create a new insurance policy. A new policy would require Johnson to execute a new UM waiver form. His argument ignores the plain text of La.R.S. 22:1295(1)(a)(ii) (emphasis added):

> (ii) Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. **The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates.** An

2

insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. **Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms.** For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.

In this case, the evidence is clear that Johnson signed a form, approved by the commissioner of insurance, rejecting UM coverage on five different occasions: September 24, 2004, September 30, 2004, February 14, 2005, May 31, 2005, and August 20, 2005. Each of these forms listed Johnson as the insured and the policy number as 1028462. Johnson substituted, added, or removed vehicles several times, but from September 24, 2004, to the date of the accident, all vehicles were insured by Safeway under the same policy number. While the number of vehicles changed, at no time did the limits of liability change. Therefore, the valid UM rejection form Johnson signed on August 20, 2005, was still valid when he added two new vehicles to the policy on September 12, 2008. Thus, on the date of the accident, there was a rebuttable presumption that the Safeway insurance policy did not include UM coverage. Johnson presented nothing to the court below to rebut that presumption. We find no genuine issue of material fact. This is exactly the situation covered by La.R.S. 22:1295. The cases cited by Johnson, which reference the statute before it was amended in 2000, are irrelevant to the disposition of this case.

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Vial Rodney Johnson.

**AFFIRMED.**

3